**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                      **Plaintiff,**

   vs.                                            **5:12-cv-01408**
                                                        **(MAD/TWD)**

**ROBERT SLIVINSKI,**

                      **Defendant.**
_____

**APPEARANCES:**                             **OF COUNSEL:**

**MEGGESTO, CROSSET &**            **GARY J. VALERINO, ESQ.**
**VALERINO, LLP**
313 East Willow Street
Suite 201
Syracuse, New York 13203
Attorneys for Plaintiff

**ROBERT J. SLIVINSKI**
Defendant *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

      On September 13, 2012, Plaintiff United States of America ("Plaintiff") commenced this action alleging that Defendant defaulted on a promissory note. *See* Dkt. No. 1. On November 6, 2012, Plaintiff moved for an entry of default, which was entered by the Clerk of Court on November, 14, 2012. *See* Dkt. Nos. 4, 5.

      Currently before the Court is Plaintiff's motion for entry of a default judgment against Defendant pursuant to Rule 55 of the Federal Rules of Civil Procedure. *See* Dkt. No. 6.

## II. DISCUSSION

**A.     Standard of Review**

"Generally, 'Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant.'" *United States v. Simmons*, No. 5:10-CV-1272, 2008 WL 685498, *2 (N.D.N.Y. Mar. 2, 2012) (quoting *Robertson v. Doe*, No. 05-CV-7046, 2008 WL 2519894, *3 (S.D.N.Y. June 19, 2008)). "'First, under Rule 55(a), when a party fails to "plead or otherwise defend . . . the clerk must enter the party's default."'" *Id.* (quotation omitted); *see also* Fed. R. Civ. P. 55(a). "'Second, pursuant to Rule 55(b)(2), the party seeking default is required to present its application for entry of judgment to the court.'" *Id.* (quotation omitted). "'Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment.'" *Id.* (quotation omitted); *see also* Fed. R. Civ. P. 55(b)(2).

"When a default is entered, the defendant is deemed to have admitted all of the well-plead factual allegations in the complaint pertaining to liability." *Bravado Int'l Grp. Merchandising Servs., Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) (citations omitted); *see also Bravado Int'l*, 655 F. Supp. 2d at 189 (citation omitted). "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." *Robertson v. Doe*, No. 05-CV-7046, 2008 WL 2519894, *3 (S.D.N.Y. June 19, 2008). "The burden on is on the plaintiff to establish its entitlement to recovery." *Bravado Int'l*, 655 F. Supp. 2d at 189 (citation omitted). "While 'the court must ensure that there is a basis for

2

the damages specified in a default judgment, it may, but need not, make the determination through a hearing."' *Id.* at 190 (quotation omitted).

**B.     Application**

In the present matter, Plaintiff has established through its complaint and attached exhibit that it is entitled to judgment in its favor.  The complaint and summons were properly served on September 28, 2012.  *See* Dkt. No. 6 at 1.  Return of service was filed on October 1, 2012.  *See* Dkt. No. 3.  Moreover, Plaintiff has complied with the requirements set forth in Local Rule 55.2(b) to the extent required for the Court to grant Plaintiff's motion as to liability.[1]  As such, Defendant has defaulted within the meaning of Rule 55(b)(2) of the Federal Rules of Civil Procedure and the following factual allegations are deemed true for purposes of establishing liability.  *See United States v. Beam*, No. 6:12-CV-0087, 2012 WL 1802316, *2 (N.D.N.Y. May 17, 2012) (holding that by failing to answer the plaintiff's complaint or respond to this motion, the defendant "has effectively conceded" that he is subject to the terms of the promissory note, and is liable for the money owed).

*1. First Certificate of Indebtedness*

On or about January 6, 1994, Defendant executed a promissory note to secure a loan of $2,625.00 from Chase in Tampa, Florida ("holder") at a variable rate of interest to be established

---

[1] Local Rule 55.2 mandates that a party submitting a motion for entry of default judgment must also submit "a statement showing the principal amount due, not to exceed the amount demanded in the complaint, . . . a computation of the interest to the day of judgment, a per diem rate of interest, and the costs and taxable disbursements claimed."  LOCAL RULES N.D.N.Y. 55.2(a).  Also in accordance with Local Rule 55.2, Plaintiff has amply demonstrated that Defendant is not in the military service and that he is not an infant or incompetent.  *See* Dkt. No. 4; LOCAL RULES N.D.N.Y. 55.2(a)(2).

3

annually by the Department of Education. *See* Dkt. No. 1-2 at 1. The loan was guaranteed by New York State Higher Education Services Corporation ("guaranty agency"), and the loan was reinsured by the Department of Education ("Department"). *See id.* The holder demanded payment according to the terms of the note, and Plaintiff defaulted on his obligation on January 23, 1996. *See id.*

Due to Defendant's default, the guaranty agency paid a claim in the amount of $2,905.76 to the holder. The guaranty agency was then reimbursed for that claim payment by the Department under its reinsurance agreement. *See id.* Pursuant to 34 C.F.R. § 682.410(b)(4), once the guaranty agency pays on the default claim, the entire amount paid becomes due to the guaranty agency as the new principal. *See id.* The guarantor attempted to collect the debt from Defendant but was unable to collect the full amount due. Consequently, the guaranty agency assigned its right and title to the loans to the Department. *See id.*

As of April 16, 2007, Defendant owes Plaintiff the following:

    Principal:    $2,905.76

    Interest:     $2,073.29

    Total:        $4,979.05

*See id.* Further, according to the Certificate of Indebtedness, interest accrues on the principal at a rate of 7.94% per annum, at a daily rate of $0.63. *See id.*

Plaintiff requests that the Court enter judgment for the remainder of the loan, together with pre- and post-judgment interests, and an award of costs.

As discussed, Plaintiff contends that Defendant remains indebted for the unpaid principal balance of the loan of $2,905.76. Plaintiff has supported its claim with a Certificate of Indebtedness, which was prepared, under penalty of perjury, by a loan analyst from the United

4

States Department of Education. *See id.* Further, Plaintiff has included a copy of the promissory notes signed by Defendant, and an account summary. *See* Dkt. No. 1-1 at 1-2. These facts satisfy the Court that Plaintiff is entitled to judgment for the unpaid principal balance of the loans.

Pursuant to 34 C.F.R. § 682.410, Plaintiff is also entitled to the amount of interest accrued on the loan at the rate agreed to by the borrower in the promissory note. That regulation, and those under the same part, were promulgated by the Department of Education for the purpose of administering various federal student loan programs, and require that "the guaranty agency" "charge the borrower interest on the amount owed . . . at a rate that is the greater of," among other rates, the one "established by the terms of the borrower's original promissory note." 34 C.F.R. § 682.410(b)(3)(i).

In the present case, Defendant agreed to a variable interest rate, which is currently set at 7.94 % per annum. *See* Dkt. No. 1-2 at 1. Using this rate, Plaintiff has calculated that, as of April 16, 2007, Defendant owed pre-judgment interest of $2,073.29. *See id.* Since April 16, 2007, pre-judgment interest has continued to accrue on the loan at the rate of $0.63 per day. *See id.* As such, including today, the date of judgment June 6, 2013, 2,244 days have passed and, therefore, Defendant owes an additional $1,413.72 in pre-judgment interest. When added to the unpaid principal and pre-judgment interest already calculated, the total amount due under the promissory note through today is $6,392.77

Moreover, pursuant to 28 U.S.C. § 1961(a), Plaintiff is also entitled to post-judgment interest, which it has sought here. The rate of such interest, as set forth in section 1961(a), "shall be calculated from the date of entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a) (internal

5

footnote omitted).

### *2. Second Certificate of Indebtedness*

On or about January 6, 1994, Defendant executed a promissory note to secure a loan of $2,080.00 from Chase in Tampa, Florida ("holder") at a variable rate of interest to be established annually by the Department of Education. *See* Dkt. No. 1-2 at 2. The loan was guaranteed by New York State Higher Education Services Corporation ("guaranty agency"), and the loan was reinsured by the Department of Education ("Department"). *See id.* The holder demanded payment according to the terms of the note, and Plaintiff defaulted on his obligation on January 23, 1996. *See id.*

Due to Defendant's default, the guaranty agency paid a claim in the amount of $2,427.76 to the holder. The guaranty agency was then reimbursed for that claim payment by the Department under its reinsurance agreement. *See id.* Pursuant to 34 C.F.R. § 682.410(b)(4), once the guaranty agency pays on the default claim, the entire amount paid becomes due to the guaranty agency as the new principal. *See id.* The guarantor attempted to collect the debt from Defendant but was unable to collect the full amount due. Consequently, the guaranty agency assigned its right and title to the loans to the Department. *See id.*

As of April 16, 2007, Defendant owes Plaintiff the following:

| | |
|---|---|
| Principal: | $2,427.76 |
| Interest: | $1,827.14 |
| Total: | $4,254.90 |

*See id.* Further, according to the Certificate of Indebtedness, interest accrues on the principal at a rate of 8.34% per annum, at a daily rate of $0.55. *See id.*

Plaintiff requests that the Court enter judgment for the remainder of the loan, together with pre- and post-judgment interests, and an award of costs.

As discussed, Plaintiff contends that Defendant remains indebted for the unpaid principal balance of the loan of $2,427.76. Plaintiff has supported its claim with a Certificate of Indebtedness, which was prepared, under penalty of perjury, by a loan analyst from the United States Department of Education. *See id.* Further, Plaintiff has included a copy of the promissory notes signed by Defendant, and an account summary. *See* Dkt. No. 1-1 at 1-2. These facts satisfy the Court that Plaintiff is entitled to judgment for the unpaid principal balance of the loans.

Pursuant to 34 C.F.R. § 682.410, Plaintiff is also entitled to the amount of interest accrued on the loan at the rate agreed to by the borrower in the promissory note. That regulation, and those under the same part, were promulgated by the Department of Education for the purpose of administering various federal student loan programs, and require that "the guaranty agency" "charge the borrower interest on the amount owed . . . at a rate that is the greater of," among other rates, the one "established by the terms of the borrower's original promissory note." 34 C.F.R. § 682.410(b)(3)(i).

In the present case, Defendant agreed to a variable interest rate, which is currently set at 8.34 % per annum. Dkt. No. 1-2 at 2. Using this rate, Plaintiff has calculated that, as of April 16, 2007, Defendant owed pre-judgment interest of $1,827.14. *See id.* Since April 16, 2007, pre-judgment interest has continued to accrue on the loan at the rate of $0.55 per day. *See id.* As such, including today, the date of judgment June 6, 2013, 2,244 days have passed and, therefore, Defendant owes an additional $1,234.20 in pre-judgment interest. When added to the unpaid principal and pre-judgment interest already calculated, the total amount due under the promissory note through today is $5,489.10.

Moreover, pursuant to 28 U.S.C. § 1961(a), Plaintiff is also entitled to post-judgment interest, which it has sought here. The rate of such interest, as set forth in section 1961(a), "shall be calculated from the date of entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a) (internal footnote omitted).

### III. CONCLUSION

After carefully reviewing Plaintiff's submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that damages are awarded pursuant to the first Certificate of Indebtedness in the following amounts:

(1) unpaid principal and pre-judgment interest through June 6, 2013, of **$6,392.77**;

(2) post-judgment interest accruing at the statutory rates as discussed above; and

the Court further

**ORDERS** that damages are awarded pursuant to the second Certificate of Indebtedness in the following amounts:

(1) unpaid principal and pre-judgment interest through June 6, 2013, of **$5,489.10**;

(2) post-judgment interest accruing at the statutory rates as discussed above; and

the Court further

**ORDERS** that Plaintiff shall serve a copy of this Memorandum-Decision and Order on Defendant; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor and close this case.

**IT IS SO ORDERED.**

Dated: June 6, 2013
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge